IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>YUKO JOSEPH GUSKO,<br><br>                Defendant. | 4:20-CR-3120<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 226.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report. Filing 226. Specifically, the defendant objects to the base offense level of 22 (pursuant to U.S.S.G. § 2K2.1(a)(3)) and the assessment of a 4-level increase to the offense level for use or possession of a firearm in connection with another felony offense (pursuant to § 2K2.1(b)(6)(B)).

    First, the defendant objects to the base offense level of 22, which is appropriate when

    > (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense

    § 2K2.1(a)(3). The defendant specifically objects to the factual basis for § 2K2.1(a)(3)(B), noting that for purposes of applying this subsection, the

- 2 -

Court should "use only those felony convictions that receive criminal history points under [U.S.S.G. §] 4A1.1(a), (b), or (c)." *Id*., cmt. n.10. And the defendant points out that his only criminal history points result from two misdemeanor theft convictions, neither of which was a crime of violence or controlled substance offense. Filing 226 at 1.

The Court agrees that the current record doesn't support a base offense level of 22. That, however, is where the Court and the defendant part ways, because the defendant asserts that pursuant to § 2K2.1(a)(7), the base offense level should be 12. But the defendant has not objected to the presentence report's finding that the weapons involved in this offense included a "(I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a)." And the defendant admitted being a drug user during the offense. Filing 190 at 4. That means the defendant was a "prohibited person" at the time he committed the offense. *See* § 2K2.1 cmt. n.3; 18 U.S.C. § 922(g)(3). Taken together, those two facts would make the correct base offense level 20. § 2K2.1(a)(4)(B).

Second, the defendant objects to the 4-level increase under § 2K2.1(b)(6)(B) for use or possession of a firearm in connection with another felony offense: He contends that because he pled guilty to conspiracy to a firearms conspiracy in furtherance of drug trafficking in violation of 18 U.S.C. § 924(o), "[t]he offense the Defendant is charged with accounts for the possession of the firearm(s) and the drug trafficking in the guideline calculation for the offense" and "[t]o increase the offense level by 4 points is 'double-dipping' or adding points that have already been anticipated by the guideline provisions." Filing 226 at 2.

- 3 -

The defendant is partially correct: the guideline provision *does* anticipate possession of a firearm in connection with another offense. But the guidelines provision which anticipates that is § 2K2.1(b)(6)(B). Section 2K2.1 is the offense level guideline for a wide range of firearms offenses, many of which do not require any connection with another offense. *See generally* U.S. Sent'g Guidelines Manual app. A at 559, 563, 566, 570, 573-74 (U.S. Sent'g Comm'n 2021). The way in which the guidelines account for the conduct of possessing a firearm in connection with another felony is a 4-level enhancement pursuant to § 2K2.1(b)(6)(B).

"Double-counting at sentencing occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of *another part of the Guidelines*." *United States v. Adams*, 996 F.3d 514, 525 (8th Cir. 2021) (emphasis supplied). Here, only one part of the guidelines is being applied to account for the use of possession of firearms in connection with another felony offense—there is no double counting.[1]

Accordingly, the Court will *tentatively* sustain the defendant's objection *in part* with respect to the base offense level, but overrule the balance of the objection. That leaves the Court with the following *tentative* guidelines calculation: A base offense level of 20, along with the § 2K2.1(b)(6)(B) adjustment and other adjustments not objected to, results

---

[1] In addition, the Court notes that even if § 2K2.1(b)(6)(B) double-counted the defendant's drug trafficking, the presentence report amply supports a finding that the offense was also committed in connection with another felony offense: armed robbery. And the defendant has not objected to any of that.

       in a total offense level of 27, a criminal history category of III, and a guidelines range of 87-108 months.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of May, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge