IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                                    4:20-CR-3120

vs.                                                                    ORDER

YUKO JOSEPH GUSKO,

                    Defendant.

The defendant has objected (filing 231) to the Court's tentative findings (filing 227) explaining the Court's tentative conclusion that pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the defendant's base offense level is 20. That section provides that the base offense level is 20 if

> the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a); and (ii) defendant (I) was a prohibited person at the time the defendant committed the instant offense; (II) is convicted under 18 U.S.C. § 922(d); or (III) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person. . . .

*Id*. The Court found that the defendant's offense qualified because the weapon satisfied subsection (i) and the defendant was a prohibited person, meeting one of the three different ways to satisfy subsection (ii). *See* filing 227 at 3. The defendant disagrees with the Court's reading of § 2K2.1(a)(4)(B).

The defendant contends that § 2K2.1(a)(4)(B) is ambiguous, and that in order to satisfy subsection (ii), a defendant must *both* (1) be a prohibited person *and* (2) either be convicted under § 922(d) *or* be convicted under § 922(a)(6) or § 924(a)(1)(A) with reason to believe the offense would result in providing the firearm or ammunition to a prohibited person. *See* filing 231 at 2. In other words, the defendant is arguing that being a prohibited person with a qualifying weapon is not enough.

The defendant's interpretation is inconsistent with the plain language of the guideline. The defendant suggests because there's no conjunction—neither "and" nor "or"—after the semicolon at the end of subsection (ii)(I), it could be read as implying either "and" or "or." But that's not how English syntax works. Here, subsection (ii)'s series of three conditions—(I), (II), or (III)—is an example of syndetic coordination, and the coordinating conjunction "or" applies disjunctively to all three conditions. *See* Sidney Greenbaum, *The Oxford English Grammar* § 11.20 (1996); *see also* Bryan A. Garner, *A Dictionary of Modern American Usage* 537 (1998). An enumerated list of "A, B, or C" means either A, or B, or C, will do. The enumeration of the conditions only confirms that construction.

And that also makes perfect sense when the substance of the conditions is considered: The overall intent of § 2K2.1(a)(4)(B) is to set a base offense level of 20 for conduct that puts qualifying weapons in the hands of prohibited people. So, subsection (ii)(I) applies when the defendant simply is the prohibited person. Subsection (ii)(II) applies when the defendant is convicted under § 922(d), which makes it unlawful to sell or dispose of a firearm to a prohibited person. And Subsection (ii)(III) applies when the defendant is convicted under § 922(a)(6) or § 924(a)(1)(A)—which prohibit false statements when making a purchase—*and* knows that the false statements are likely to arm a prohibited person. The defendant's suggested alternative—that the

Guideline only applies when a prohibited person is selling to or making false statements to buy for *another* prohibited person—makes much less sense.

The Court adheres to its previous reading of § 2K2.1(a)(4)(B) and its tentative conclusion that the defendant's base offense level is 20. Accordingly,

IT IS ORDERED that the defendant's objection (filing 231) is overruled.

Dated this 6th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge